


Overruled by O-2410
(Conf. 3105)

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 26, 1939

Hon. Robert F. Cherry
County Attorney
BuSoue County
Meridian, Texas

Dear Sir:

Opinion No. O-665
Re: Fees allowable to the county
attorney and other questions

Your request for an opinion on the
following questions:

1. "What are the fees or commis-
sions due and payable to a county attor-
ney upon the payment of an agreed judg-
ment obtained by such county attorney
against a defaulting tax collector?

2. May the Commissioners' Court
of a county order the payment of such
fees or commissions to the county at-
torney out of the general fund where
the judgment has been paid direct to
the county treasurer instead of to the
county attorney, thus depriving the
county attorney of the opportunity to
deduct his commissions?

3. Is the county liable to the
county attorney for the commissions
provided by law upon money collected
through the efforts of such county at-
torney from a defaulting county treas-
urer, such collection being made with
out filing suit for same?

4. Is the county attorney entitled to any fee upon conviction or plea of guilty to a misdemeanor in the county court where the sentence imposed is confinement in jail for a period of time without fine and where no fine or costs are actually paid by the defendant?

5. Does the Commissioners' Court have the legal power and authority to allow each of the county commissioners a sum of money, for instance $20.00 per month, for traveling and other expenses, such sum to be allowed to each commissioner regardless of whether he actually spends such amount for expenses or whether his actual expenses exceed such sum?

6. Is it the duty of the county attorney to bring suit or institute other proceedings to collect the penalty provided by article 3897 of the Revised Civil Statutes as amended when an officer shall have failed to file his annual sworn statement of fees, commissions and compensations earned, as provided by said article?"

We will take these up in the order in which they are submitted and discuss them one at a time.

Article 335 of Vernon's Annotated Texas Statutes (civil) provides as follows:

"Whenever a district or a county attorney has collected money for the state or any county, he shall within thirty days after receiving the same pay it into the state or the county to

which it belongs after deducting there-
from and retaining the commissions al-
lowed him thereon by law, such district
or county attorney shall be entitled to
ten per cent commission on the first
thousand dollars collected by him in any
one case for the state or county from
any individual or company and five per
cent on all sums over one thousand dol-
lars, to be retained out of the money
when collected, and he shall also be
entitled to retain the same commission
on all collections made for the state
or any county."

Under this article, a county attorney
is entitled to the commission therein specified
for money collected by him in a suit against the
tax collector for shortage in his account with
the state. Do not get this article confused with
Article 950 of the Code of Criminal Procedure.
It is our opinion that the county attorney is
entitled to the commissions provided by Article
335 of the Revised Civil Statutes, which is ten
per cent on any amount up to and including one
thousand dollars collected and five per cent on
all sums over one thousand dollars.

In answer to question No. 2, we would
say, that while it is true that the Commissioners'
Court has the power to employ attorneys to assist
the county attorney in the prosecution of its
claims and suits and to pay for such services out
of county funds, this does not mean that the Com-
missioners' Court has the power to deprive the
county attorney of his rightful authority, nor
does it mean, that merely because a person against
whom a judgment is taken, as in a tax suit, sees
fit to pay the money directly to the county treas-
urer, that the county attorney is not entitled
to his commissions. It is our opinion that the



Hon. Robert F. Cherry, April 26, 1939, Page 4

Commissioners' Court has the right to order the payment of such part of the funds as are rightfully due to the county attorney, to such county attorney. In support of our opinion in regard to this question, No. 2, we cite you to Tex. Jur., Vol. 11, p. 575.

In answer to your question No. 3, submitted to us, we again refer you to Article 335 of the Revised Civil Statutes, as hereinbefore set forth and which you have so thoroughly discussed in the brief which you submitted to this department along with your request for opinions.

It is not necessary that the suit be filed in order for the county attorney to be entitled to the commissions provided, and it is our opinion that when the county attorney has complied with or met the requirements of Article 339 and Article 335, which may be done either by filing suit or instituting such other proceedings as is necessary, and money is collected as result of the efforts made by the county attorney, through the proceedings instituted by such county attorney, that he is entitled to the commissions provided by these statutes, and this is true even though the money is actually paid to the county treasurer or to the Commissioners' Court. Our holding in this regard is supported by Terrell v. Green, 31 S.W. 631, in which the court holds that where the county attorney has tendered his services as required by Article 339, he is entitled to his commissions even though such services were refused, and the county is liable for payment to him of the commissions provided by law. See also 15 Tex. Jur., p. 404.

In answer to your question No. 4, we will state that this department has repeatedly held that the county attorney is not entitled to any fee upon conviction or plea of guilty to a

Hon. Robert F. Cherry, April 26, 1939, Page 5

misdemeanor in the county court where the sen-
tence imposed is confinement in jail for a period
of time without fine and where no fine or cost
are actually paid by the defendant. Under Article
1061 of the Code of Criminal Procedure of Texas
you will find that the fee provided for the dis-
trict and county attorney is to be taxed against
the defendant. However, we find no provision of
law in the statutes or elsewhere which would en-
title the county attorney to any fee for convic-
tion in the county court where the sentence imposed
is punishment by confinement in jail. It is,
therefore, our opinion, as heretofore held by
this department, that the county attorney is not
entitled to any fee upon conviction or plea of
guilty to a misdemeanor in the county court where
the sentence imposed is confinement in jail for
a period of time without fine and where no fine
or costs are actually paid by the defendant.

In answer to your question No. 5, it
is our opinion that there is no statutory authori-
ty for the Commissioners' Court to allow any sums
of money to its members for expenses. As stated
in your brief submitted to us, it would certainly
seem that the Commissioners' Court does not have
the power to allow its members any amount of money
in addition to the salary prescribed by law.

In answer to your question No. 6, we
refer you to Article 3897, as amended, of the Re-
vised Civil Statutes of Texas. This article reads
as follows:

"Each district, county and pre-
cinct officer, at the close of each
fiscal year (December 31st) shall make
to the district court of the county in
which he resides a sworn statement, in
triplicate, (on forms designed and ap-
proved by the state auditor) a copy of

Hon. Robert F. Cherry, April 26, 1939, Page 6

which statement shall be forwarded to
the state auditor by the clerk of the
district court of said county within
thirty days after the same has been fil-
ed in his office, and one copy to be
filed with the county auditor, if any;
otherwise said copy shall be filed with
the Commissioners' Court. Said report
shall show the amount of all fees, com-
missions and compensation whatever earned
by said officer during the fiscal year;
and secondly, shall show the amount of
fees, commissions and compensation col-
lected by him during the fiscal year;
thirdly, said report shall contain an
itemized statement of all fees, commis-
sions and compensation earned during the
fiscal year which were not collected,
together with the name of the party owing
said fees, commissions and compensation.
Said report shall be filed not later
than February 1st following the close
of the fiscal year and for each day
after said date that said report remains
not filed, said officer shall be liable
to a penalty of twenty-five dollars,
which may be recovered by the county in
a suit brought for such purposes, and
in addition said officer shall be sub-
ject to removal from office."

In construing this article it is our
opinion that the county attorney is required to
file suit to recover the penalty provided by such
article when ordered to do so by the Commission-
ers' Court.

Trusting that this satisfactorily
answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*
Fred C. Chandler
Assistant

FCC:omb

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS